852 F.2d 1293
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re FRANSEN.
 No. 88-1127.
 United States Court of Appeals, Federal Circuit.
 June 13, 1988.
 
 Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Fransen appeals from a decision of the Board of Patent Appeals and Interferences (board), Appeal No. 636-90, upholding the rejection of claim 15 under 35 U.S.C. Sec. 112 and the rejections of claims 1-5 and 7-14 under 35 U.S.C. Sec. 103. We affirm.
 
 OPINION
 
 2
 The limitation "tilted at an acute angle" in claim 15 would encompass tilting at any angle between 1? and 89?. Fransen admitted, indeed argued, that the specification and drawing make clear that the contact face may tilt only at a very low acute angle. During prosecution, claims are given their broadest interpretation, in view of applicant's freedom to amend. In re Heck, 699 F.2d 1331, 1332, 216 USPQ 1038, 1039 (Fed.Cir.1983). Whether the limitation be deemed "new matter" or unsupported by the specification, the rejection of claim 15 must stand.
 
 
 3
 Fransen's argument that the prior art discloses no suggestion to combine the references is insufficient to establish the absence of a prima facie case of obviousness. As Fransen admits, the elements set forth in claims 1-5 and 7-14 are disclosed, in various combinations, in the prior art. The obviousness question turns not on whether various prior art structures may be physically combined, or on whether the claimed invention is expressly suggested by one or all the references, but on what the teachings of the prior art as a whole would suggest to one skilled in the art. In re Keller, 642 F.2d 413, 425, 208 USPQ 871, 881 (CCPA 1981). Whether the prior art expressly teaches a tiltable, flat contact surface as a solution to the problem of improving temperature sensing by increasing the contact area when the temperature of a flat surface inclined to the longitudinal plane of the tubular holder is to be sensed is not in this case controlling. Such an express teaching would establish more than a prima facie case of obviousness. Whether the prior art disclosed anything relating to the problem solved is a consideration in determining obviousness, In re Wright, No. 87-1464, slip op. at 5-6 (Fed.Cir. May 24, 1988), but here the referenced Tamuro patent deals with Fransen's problem in its disclosure of a conforming contact surface. That Tamuro's contact surface is formed of metal foil strips and his surface the temperature of which is to be sensed is curved does not diminish his teaching that temperature sensing is improved when the contact area is increased. Fransen has not shown that increasing contact area by tilting an unbendable contact surface would have been unobvious over increasing contact area by bending a bendable contact surface. Similarly, Fransen has not shown that the sensor of Kruger is not adapted for contact or would not function if placed in contact. Fransen's assertions of differences from the prior art are unavailing in the absence of a showing that those differences render the invention as a whole unobvious. Nor do those assertions show error in the board's decision. Absent evidence in rebuttal, therefore, the prima facie case of obviousness in view of the cited prior art must stand.